UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-2-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LARRY TYLER HAMMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 349 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Larry Tyler Hammons's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment (DE 207). *See* DE 350 (Recommendation); *see also* DE 337-1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 350 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 350, **ACCEPTS** Hammons's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Superseding Indictment (DE 207);

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 337-1 ¶ 9), the Court provisionally **FINDS** that the firearm in item 5 and the currency that was seized from Hammons, specified in the operative indictment (DE 207 at 8-9), are forfeitable and that Hammons has an interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter;

4. The Court, seeing no evidence or argument from the parties and pursuant to 18 U.S.C. § 3143(a)(2), finds nothing overcoming the 18 U.S.C. § 3143(a)(1) detention mandate. [Defendant has not pursued the 18 U.S.C. § 3145(c) portal.] Therefore, the Court **ORDERS** that Mr. Hammons report to the United States Marshals Service, at the **London Courthouse, at 10:00 a.m. on September 3, 2020**; and

5. The Court will issue a separate sentencing order.

This the 25th day of August, 2020.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge