UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:20-CR-02-REW-HAI-2 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| LARRY TYLER HAMMONS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Wier (D.E. 762), the Court considers reported violations of supervised release conditions by Defendant Larry Tyler Hammons.

District Judge Wier entered Judgment against Defendant in July 2021 on Defendant's plea to one count of conspiracy to distribute 500 grams or more of a substance containing methamphetamine. D.E. 337-1 (plea agreement); D.E. 607 (Judgment). Defendant was sentenced to forty months of imprisonment followed by four years of supervised release. D.E. 607 at 2-3. Defendant was released on May 5, 2023. On September 5, 2023, District Judge Wier approved the probation officer's recommendation that no action be taken (other than increased substance abuse treatment) after Defendant tested positive for methamphetamine use. D.E. 747.

I.

On February 20, 2024, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges Defendant with two violations of the condition that prohibits the commission of another federal, state, or local crime.

Violation #1 is based upon a charge of Assault, Fourth Degree, Minor Injury in violation of Kentucky Revised Statutes § 508.030. According to the Report, "[o]n February 1, 2024, Hammons physically assaulted [victim] at the Brothers Market in Knox County." This is a Grade C Violation.

Violation #2 includes five charges: (1) Trafficking in Controlled Substances, First Degree, First Offense (Greater than or Equal to Two Grams of Methamphetamines[1]), (2) Possession of Drug Paraphernalia, (3) Possession of Marijuana, (4) Failure to Wear Seat Belts, and (5) Failure to Produce Insurance Card. According to the Report:

> Hammons was the subject of a traffic stop on the date of arrest. During the traffic stop, Knox County Deputy Sheriff Williamson noticed the odor of marijuana. During a search of the vehicle two plastic bags containing a crystal[-]like substance as well as a bag containing a green leafy substance were discovered.

Violation #2 is a Grade A violation under USSG § 7B1.1 because the first-degree trafficking charge is a state offense punishable by a term of imprisonment exceeding one year that is also a controlled substance offense. *See* Ky. Rev. Stat. Ann. § 218A.1412(3)(a) (classifying the charge as a Class C felony).

According to the public e-Courts docket, all charges have been dismissed in the Knox County District Court. Defendant entered federal custody on the Court's revocation warrant. The Court conducted an initial appearance under Rule 32.1 on May 6, 2024. D.E. 765. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id.* At the initial appearance, the United States made an oral motion for interim detention. *Id.* Defense counsel requested a general continuance of the detention hearing, which the Court

---

[1] At the final hearing, the Court noted that while the citation listed Hammons as being charged with Trafficking in Controlled Substances, First Degree, First offense (Greater than or Equal to Two Grams Methamphetamine), the Report described the charge as "Less than or Equal to Two Grams of Methamphetamine." Counsel for the government informed the Court that the Report was mistaken, and the citation was correct. Counsel for Defendant and the USPO agreed.

2

granted. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the undersigned remanded Defendant to the custody of the United States Marshal. *Id*. Defense counsel did not make a further motion to schedule the detention hearing.

At the final hearing on November 18, 2024, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 780. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violation #2. *Id*. Defendant agreed that the government could show by a preponderance of the evidence that he was guilty of trafficking two grams or more of methamphetamine (first offense). Defendant admitted the government could prove he was the driver of a vehicle in which approximately one pound of a meth mixture was found and the intent was to sell that meth to others. The government thus established Violation #2 under the standard of section 3583(e).

## II.

The Court has reviewed the entire record, including the Report, its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all the § 3553 factors imported into the § 3583(e) analysis.

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense,

3

the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade A violation with respect to Violation #2. Given Defendant's criminal history of III (the category at the time of his conviction in this District) and Grade A violation, Defendant's range, under the Revocation Table of Chapter 7, is 30 to 37 months. U.S.S.G. § 7B1.4(a). The parties agreed to this calculation of the range.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. §3583(b) & (h). Pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(A), there is no maximum term of supervised release that can be reimposed for this violation.

### III.

At the final hearing, the government argued for revocation with thirty-five months of imprisonment and a two-year term of supervised release to follow. The defense requested twenty-four months of imprisonment followed by one year of supervised release.

The government stressed Defendant's lengthy history of criminality. The government pointed out that, while most of Defendant's criminal history consists of lower-level infractions, much of his prior experience with the law involves meth use. The admitted violation in particular involves an aggravating quantity of meth. The government argued that deterrence has proven ineffective after Defendant's repeated involvement with drug use and trafficking. It emphasized the dangerous nature of methamphetamine and how further supervised release is necessary for public safety.

The defense highlighted Defendant's character while on supervised release, noting his involvement in community service, outpatient drug treatment, and consistent work history. Defense counsel explained the extent to which Defendant financially supports his family. Defense counsel argued that Defendant is young and still has the potential to improve. He has accepted responsibility for his actions. Counsel further explained that Defendant has been a good father to his son. Despite not having full custody, Defendant makes efforts to see him regularly and support him financially.

Defendant briefly addressed the court and stated that he takes full responsibility for his actions.

### IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all of the 18 U.S.C. § 3553(a) statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The presence of a Grade A violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(2) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Revocation is entirely appropriate in this case due to the nature of the violation.

One factor concerns the nature and circumstances of the underlying offense. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of the supervised release). This violation is closely aligned with the underlying offense. As discussed in paragraphs 27 through 31 of the Presentence Investigation Report, the facts of the underlying offense are undoubtedly disturbing. Defendant was subject to the persuasive and corrosive influence of a drug-dealing mother, and he was threatened at gunpoint multiple times by others to traffic in her stead. Those traumatic

5

experiences have certainly had a long-lasting impact on Defendant. In the Court's view, they cast a shadow of self-imposed low expectations, and Defendant has not sufficiently tried to step out of that shadow. He has had ample opportunity to separate himself from drugs following his initial conviction and commit to following the law as intended by Judge Wier's original sentence, but he has failed to do so.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's personal history is interconnected with drug-related trauma. Defendant has experienced first-hand the destructive nature of methamphetamines. Nonetheless, he continued to participate in spreading it in his community while on supervised release. Counsel for the government indicated that Defendant's violation was a spur of the moment "crime of opportunity." This cavalier attitude towards criminality strongly supports the need for revocation and a significant term of imprisonment as a means of deterrence and public safety. While on release thus far, Defendant has made significant contributions to his community. He has supported his family, engaged in continuous employment, volunteered, and actively participated in out-patient substance abuse treatment. Nonetheless, as shown by the violation at issue, Defendant has not demonstrated a commitment to changing his life. He accepted responsibility for the violation, as he did the underlying crime, but he has not transformed that responsibility into sufficient dedication to avoid further criminal conduct.

The Court must also consider whether a defendant needs any education, training, or treatment. Defendant has never had a mental health evaluation, but this, alongside continued

substance abuse treatment, could prove helpful in assisting Defendant with personal development. Existing conditions adequately address this need.[2]

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(E). Defendant's sentence in the underlying conviction constituted a significant variance from his Guideline range. That leniency, along with the Court's approval of no action on his previous alleged methamphetamine use, demonstrates the unique confidence the Court gave Defendant. By engaging in trafficking again, Defendant squandered that trust.

The Court must consider the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Here, this goal is met by sentencing Defendant to a within-Guidelines term of imprisonment for his revocation conduct.

For the reasons discussed herein and during the final hearing, the Court finds that thirty-three months of incarceration and three years of supervised release is sufficient, but not greater than necessary, to address the incorporated sentencing factors. The Court recommends a significant period of incarceration that approaches his original term. The Court does so primarily because of the striking similarities between the original trafficking and the violation conduct.

---

[2] Special Condition 2 of Defendant's Judgment did not order mental health treatment but required an assessment by the USPO to assess the need for such treatment. Apparently, an evaluation was not conducted, so renewed emphasis upon this requirement is needed when Defendant is released from this revocation term.

During the hearing, the Court expressed to Defendant that, as a young man, he has the time and capability to step out of the dark shadow his traumatic experiences have cast and wished him well in that process.

V.

Based on the foregoing, the Court **RECOMMENDS:**

1. That Defendant be found guilty of the charge for Trafficking in Controlled Substances, First Degree, First offense (Greater than or Equal to Two Grams Methamphetamine) in Violation #2;

2. That the government's motion to dismiss Violation #1 be granted;

3. Revocation with a term of imprisonment for thirty-three months with three years of supervised release to follow under the same conditions previously imposed, including renewed emphasis upon mental health treatment per Special Condition 2;

4. That the Bureau of Prisons place Defendant in a federal facility in Minnesota or New York.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. See also 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Wier's docket upon submission. If Defendant chooses to waive allocution, he SHALL do so on or before the deadline for filing objections.

This the 21st day of November, 2024.

Signed By:
Hanly A. Ingram
United States Magistrate Judge