UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-2-REW-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LARRY TYLER HAMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Larry Tyler Hammons's final revocation hearing on alleged violations of his supervised release. After conducting the hearing, Judge Ingram recommended that the undersigned (upon stipulation) find Hammons guilty of Violation #2 (commission of a state crime, namely, first-degree drug (meth) trafficking), dismiss charged Violation #1 per the Government's motion, revoke his supervision, and sentence him to a term of imprisonment of thirty-three months plus three years of supervised release under his prior conditions, with renewed emphasis on Special Condition #2 (mental health evaluation and treatment). *See* DE 781 (Recommended Disposition) at 8. Judge Ingram informed Hammons of his right to object to the recommendation. *See id.* Hammons waived allocution. *See* DE 785 (Waiver). The prescribed fourteen-day objection period has passed, and neither Hammons nor the Government objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in

his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (*quoting* Kensu v. Haigh, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with much disappointment in the course of Hammons's conduct, adopts the recommendation. Criminal decisions implicate liberty, and Hammons simply must find the resolve to live within the law; failing that, the deepening consequences will continue. With no objection from any party and on full review of the record and Judge Ingram's thorough and thoughtful treatment, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 781 and **ADJUDGES** Hammons guilty of charged Violation #2 (to wit, the referenced state trafficking crime);

2. The Court **GRANTS** the Government's motion to dismiss charged Violation #1 and accordingly **DISMISSES** Violation #1;

3. The Court **REVOKES** supervision and **SENTENCES** Hammons to a term of imprisonment of thirty-three months, to be followed by three years of supervised release under his prior conditions (*see* Judgment, DE 607) with, as specified in the revocation judgment, renewed emphasis on Special Condition #2 (mental health evaluation and treatment);

4. The Court **RECOMMENDS** that the Bureau of Prisons place Hammons in a federal facility in Minnesota or New York; and

5. The Court will enter an appropriate revocation judgment.

This the 9th day of December, 2024.

Signed By:

*Robert E. Wier*

**United States District Judge**